UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RANDY L. B.,

                        Plaintiff,

v.

                        5:18-CV-0358
                        (GTS)

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

APPEARANCES:                                                 OF COUNSEL:

OFFICE OF PETER W. ANTONOWICZ          PETER W. ANTONOWICZ, ESQ.
  Counsel for Plaintiff
148 West Dominick Street
Rome, New York 13440

SOCIAL SECURITY ADMINISTRATION         JOANNE JACKSON PENGELLY, ESQ.
OFFICE OF GENERAL COUNSEL–REGION II    Special Assistant U.S. Attorney
  Counsel for Defendant
26 Federal Plaza, Room 3904                         DANIEL STICE TARABELLI, ESQ.
New York, New York 10278                            Special Assistant U.S. Attorney

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this action filed by Randy L. B. ("Plaintiff") against the Commissioner of Social Security ("Defendant") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are (1) Plaintiff's motion for judgment on the pleadings, and (2) Defendant's motion for judgment on the pleadings. (Dkt. Nos. 11, 13.) For the reasons set forth below, Defendant's motion for judgment on the pleadings is granted. The Commissioner's decision denying Plaintiff's disability benefits is affirmed, and Plaintiff's Complaint is dismissed.

I.    RELEVANT BACKGROUND

   A.    Factual Background

Plaintiff was born in 1964, making him 50 years old at the amended alleged onset date and 52 years old at the date of the ALJ's decision. Plaintiff reported having a ninth grade education. The vocational expert found that Plaintiff had past work as a construction worker. Plaintiff alleges disability due to lower back pain, severe arthritis, chronic pain, a partially amputated middle finger on his left hand, gastroesophageal reflux disorder, high blood pressure, and high cholesterol.

   B.    Procedural History

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income on September 18, 2014, alleging disability beginning September 11, 2014, which he later amended to October 5, 2014. Plaintiff's applications were initially denied on March 16, 2015, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). Plaintiff appeared at a hearing before ALJ Kenneth Theurer on February 8, 2017. On March 16, 2017, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. (T. 15-24.)[1] On February 20, 2018, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (T. 1-3.)

   C.    The ALJ's Decision

Generally, in his decision, the ALJ made the following seven findings of fact and conclusions of law. (T. 17-24.) First, the ALJ found that Plaintiff was insured for benefits under

---

[1] The Administrative Transcript is found at Dkt. No. 8. Citations to the Administrative Transcript will be referenced as "T." and the Bates-stamped page numbers as set forth therein will be used rather than the page numbers assigned by the Court's CM/ECF electronic filing system.

Title II until December 31, 2018. (T. 17.)  Second, the ALJ found that Plaintiff has not engaged in substantial gainful activity since his alleged onset date. (*Id*.)  Third, the ALJ found that Plaintiff has a severe impairment of post-back surgery, while his hypertension, hyperlipidemia, GERD, missing middle finger tip on his non-dominant hand, arthritis, pancreatitis, and adjustment disorder are not severe. (T. 17-19.)  Fourth, the ALJ found that Plaintiff's severe impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). (T. 21-23.)  Specifically, the ALJ considered Listing 1.04 (disorders of the spine). (*Id.*)  Fifth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to

> lift twenty pounds occasionally and ten pounds frequently, sit for up to six hours, and stand or walk for approximately six hours in an eight-hour day with normal breaks.  He can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds.  He can also perform occasional balancing, stooping, kneeling, crouching, and crawling.  The claimant requires the use of a cane or crutch for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, but he retains the ability to carry small objects, such as files, in his free hand.

(T. 19.)  Sixth, the ALJ found that Plaintiff is unable to perform his past work as a construction worker. (T. 22.)  Seventh, the ALJ found that Plaintiff remains able to perform a significant number of other jobs in the national economy including as a ticket seller, parking lot cashier, and final inspector. (T. 23.)  The ALJ therefore concluded that Plaintiff is not disabled.

### D. The Parties' Briefing on Their Motions

#### 1. Plaintiff's Motion for Judgment on the Pleadings

Generally, Plaintiff makes three arguments in support of his motion for judgment on the pleadings. (Dkt. No. 11, at 8-15 [Pl.'s Mem. of Law].)  First, Plaintiff argues that the ALJ failed

to assess the severity of his back impairment because the ALJ's characterization of this impairment as "post-back surgery" was vague and minimizes the true severity of Plaintiff's impairment and symptoms. (*Id.* at 8-9.) Plaintiff additionally argues that, when assessing his back impairment, the ALJ failed to provide sufficient discussion to support his finding that this impairment does not meet or equal Listing 1.04. (*Id.* at 9-10.)

Second, Plaintiff argues that the ALJ erred when weighing the opinion evidence and assessing his RFC. (*Id.* at 10-14.) More specifically, Plaintiff argues that the ALJ (a) did not give enough weight to the opinions from his treating orthopedist and physician's assistant, who found that Plaintiff was limited to less than sedentary work despite the fact that those opinions were consistent with the medical evidence, (b) erred in affording more weight to the opinion of a consultative examiner, and (c) erred in relying on "incomplete and imprecise assessments" located in treatment notes. (*Id.*)

Third, Plaintiff argues that the ALJ erred in failing to consider Plaintiff's eligibility for benefits under the Medical Vocational Guidelines as of his 50th birthday. (*Id.* at 14-15.) More specifically, Plaintiff argues that he would have been found disabled pursuant to the Medical Vocational Guidelines had he been limited to sedentary work, and that the record supports that he should be limited to sedentary work, particularly arguing that the consultative examiner's finding of mild to moderate limitations are more consistent with sedentary work than the ALJ's finding of light work. (*Id.*)

## 2. Defendant's Motion for Judgment on the Pleadings

Generally, Defendant makes three arguments in support of her motion for judgment on the pleadings. (Dkt. No. 13, at 3-13 [Def.'s Mem. of Law].) First, Defendant argues that the

ALJ did not err in assessing the severity of Plaintiff's back impairment or the Listings. (*Id.* at 3-6.) More specifically, Defendant argues that there is no evidence that supports that Plaintiff meets or equals Listing 1.04, and therefore any error by the ALJ in failing to provide further explanation of his finding on that point is harmless. (*Id.*) Defendant also argues that Plaintiff has not identified any other Listings that the ALJ was required to specifically consider based on Plaintiff's impairments and the record. (*Id.* at 4-5.)

Second, Defendant argues that the RFC finding is supported by substantial evidence. (*Id.* at 6-12.) More specifically, Defendant argues that the ALJ properly weighed the opinion evidence, including (a) validly rejecting occupational therapist Michele Eno's opinion because it reflected his pre-surgery functioning and the evidence establishes that Plaintiff's condition improved substantially post-surgery, and (b) properly rejected more limiting statements by treating orthopedist Randolph Buckley, M.D., because they were not consistent with his own exam findings and other evidence, were not functional assessments, and/or were related to an issue reserved to the Commissioner. (*Id.*)

Third, Defendant argues that the ALJ's Step Five finding is supported by substantial evidence. (*Id.* at 12-13.) More specifically, Defendant argues that the Medical Vocational Guidelines do not indicate a finding of disabled unless Plaintiff is limited to sedentary work, and that the ALJ's finding that Plaintiff can perform light work is supported by substantial evidence. (*Id.*) Defendant particularly notes that Plaintiff has cited no legal authority to support his argument that mild or moderate limitations equate to a sedentary level of functioning, and cites cases where such limitations were in fact found to be consistent with light work. (*Id.*)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial

evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin*, 758 F.3d 146,

150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson*, 540 U.S. 20, 24 (2003).

### III. ANALYSIS

#### A. Whether the ALJ Erred In Assessing Severity or Listing 1.04

After careful consideration, the Court answers this question in the negative for the reasons stated in Defendant's memorandum of law. (Dkt. No. 13, at 4-5 [Def.'s Mem. of Law].) To those reasons, the Court adds the following analysis.

Plaintiff's argument that the ALJ's analysis of his back impairment was somehow erroneous based on the way the ALJ chose to characterize that impairment (i.e., as "post back surgery") is unpersuasive. Plaintiff's assertion is wholly conclusory and he has failed to point to any discernable way in which the ALJ's characterization impacted his analysis. In particular, as will be discussed in further detail regarding the ALJ's RFC finding, the Court has not found anything in the evidence to suggest that the ALJ's findings improperly minimize the reality of Plaintiff's impairment as reflected in the treatment notes. Additionally, even if the Court were to hold the ALJ to some strict formulaic requirement as to what he should have termed Plaintiff's impairment (a requirement for which it can find no legal authority), any error in his characterization is completely harmless given that there is no indication that a different characterization would have impacted the ALJ's ultimate findings. The Court also notes that Plaintiff has not cited any legal authority for the proposition that an ALJ's failure to call an impairment by a certain name is, in and of itself, an error meriting remand even where the circumstances make it clear that the ALJ appropriately considered all of the evidence when assessing the impact of that impairment. The Court therefore rejects Plaintiff's argument as meritless.

As to Plaintiff's argument that the ALJ erred in failing to provide a more detailed discussion of why he found Plaintiff did not meet Listing 1.04, the clearly established law of the Second Circuit does not require such explanations. *See Rockwood v. Astrue*, 614 F. Supp. 2d 252, 273 (N.D.N.Y. 2009) (Mordue, C.J.) (noting that even "if an ALJ's decision lacks an express rationale for finding that a claimant does not meet a Listing, a Court may still uphold the ALJ's determination if it is supported by substantial evidence") (citing *Berry v. Schweiker*, 675 F.2d 464, 468 [2d Cir. 1982]). After reviewing the record, the Court finds that the ALJ's finding that Plaintiff does not meet or equal Listing 1.04 is supported by substantial evidence because, as Defendant argues, the record is devoid of the requisite medical findings required to meet that Listing. Because the ALJ's finding is supported by substantial evidence, his failure to provide a more detailed explanation for that finding is not error warranting remand. Additionally, Plaintiff has not indicated any other listings that the ALJ erroneously failed to consider, nor has he pointed to evidence even suggesting that he meets Listing 1.04 or any other listing. *See Rockwood*, 614 F. Supp. 2d at 272 ("Plaintiff has the burden of proof at step three to show that her impairments meet or medically equal a Listing.").

For the above reasons, the Court finds that the ALJ's findings as to severity and the Listing of Impairments are supported by substantial evidence.

    **B.  Whether the ALJ's RFC Finding is Supported By Substantial Evidence**

After careful consideration, the Court answers this question in the affirmative for the reasons stated in Defendant's memorandum of law. (Dkt. No. 13, at 7-11 [Def.'s Mem. of Law].) To those reasons, the Court adds the following analysis.

On February 9, 2015, consultative examiner Gilbert Jenouri, M.D., opined that Plaintiff had mild to moderate restrictions in walking, standing, sitting for long periods, bending, stair climbing, lifting, and carrying. (T. 448.) On his examination, Dr. Jenouri observed , in relevant part, that Plaintiff displayed an antalgic gait, could not walk on his heels or toes without difficulty, could squat only 30-percent of normal range, and had diminished spinal range of motion, positive straight leg raise testing and tenderness to palpation in his back, but also that he used no assistive device, needed no help changing or rising from his chair, and had normal deep tendon reflexes, strength, and sensation in his lower extremities. (T. 446-47.) The ALJ afforded considerable weight to Dr. Jenouri's opinion because it was consistent with his clinical findings. (T. 20.)

On February 29, 2016, occupational therapist Ms. Eno opined that Plaintiff could occasionally lift and carry five pounds, occasionally push or pull 10 pounds, infrequently bend, squat, kneel, or climb stairs, never climb ladders or crawl, occasionally sit, stand, walk, and reach, and engage in light use of arm and leg controls. (T. 524.) On examination, Ms. Eno observed, in relevant part, normal neurological findings, slight tenderness to deep palpation in the lower back, deficits in strength in the muscles of the back and legs, and slightly decreased range of motion in his lower back and upper extremities, but noted that he did not use a cane or exhibit a limp. (T. 528-40.) The ALJ found that Ms. Eno's opinion was "of limited value" because it reflected his condition shortly before surgery and therefore did not describe his functioning throughout the entire period at issue. (T. 20-21.)

Treating orthopedist Dr. Buckley also provided multiple statements regarding Plaintiff's work-related functioning. On June 6, 2016, Dr. Buckley noted that he provided Plaintiff with a

note to return to light duty at his construction job, and advised Plaintiff that he should not engage in any bending at the waist, lift over 20 pounds occasionally, or engage in excessive twisting. (T. 600-01.) On June 20, 2016, Dr. Buckley wrote a note (signed by his "agent" Makayla Rogers) in which he stated that Plaintiff was not able to return to work, gym or athletic activity at that time, noting that he would be re-evaluated in six-to-eight weeks. (T. 595.) On August 8, 2016, Dr. Buckley advised Plaintiff that he should avoid bending below the waist, heavy lifting, and twisting as before. (T. 605.) The ALJ afforded "greatest weight" to Dr. Buckley's August 2016 statement because it was the furthest in time from his surgery and therefore best represented his functioning post-recovery, but rejected Dr. Buckley's statement that Plaintiff was unable to return to certain activities because it was not functionally specific and was related to an issue reserved to the Commissioner. (T. 21.) The ALJ also rejected Dr. Buckley's opined limitation on twisting because it was inconsistent with his own clinical findings. (*Id.*)

Plaintiff essentially argues that the ALJ erred in relying on the opinion of Dr. Jenouri rather than the opinion of Ms. Eno.[2] (Dkt. No. 11, at 11-12 [Pl.'s Mem. of Law].) The Court finds these arguments unpersuasive. Continuing his pattern of making conclusory statements without providing factual or legal support, Plaintiff argues that the ALJ erred in rejecting Ms. Eno's opinion based on his finding that it did not represent Plaintiff's functioning after surgery, stating only that "[t]he objective evidence demonstrates very significant lumbar spine injuries, post-surgery," without citing any such evidence. (Dkt. No. 11, at 11 [Pl.'s Mem. of Law].) To

---

[2]     Plaintiff appears to argue that Dr. Buckley, the "treating board-certified Orthopedic Surgeon," adopted and confirmed Ms. Eno's opinion. (Dkt. No. 11, at 11 [Pl.'s Mem. of Law].) However, the documents related to this opinion in no way establish or even suggest that Dr. Buckley adopted Ms. Eno's findings as his own; only Ms. Eno signed the documents containing those findings and her opinion. (T. 522-24, 540.)

the contrary, as the ALJ states in his decision, the record shows significant improvement of Plaintiff's symptoms post-surgery. (T. 21.) For example, on March 14, 2016, when Plaintiff was two weeks post-surgery, he reported a significant reduction in his overall symptoms and he was observed to have a normal gait, negative straight leg raising test, normal strength and sensation, and full range of motion. (T. 541, 543.) On May 2, 2016, when Plaintiff was eight weeks post-surgery, he reported being able to get around the house and walking a "great deal" with only a little soreness in his back, and he was observed to have no muscle tenderness or spasm and intact sensation. (T. 558, 560.) On June 6, 2016, he reported he still had some pain but he walked daily and was happy with the results of the surgery; he was observed to have good movement with no pain, no palpable lumbar tenderness, a normal gait, negative straight leg raise test, normal strength and sensation, and full range of motion. (T. 598, 600.) On August 8, 2016, when Plaintiff was five months post-surgery, he reported some continuing soreness and discomfort but significantly reduced pain; he was again observed to have the same asymptomatic findings as on June 6, 2016. (T. 602, 604.) On August 16, 2016, a physical therapy evaluation revealed normal reflexes and sensation, mild back pain when seated, moderate loss of movement, and decreased core strength and lower body flexibility. (T. 610-11.) Such post-surgical findings do not support Plaintiff's argument that his back impairment limited him to the extent stated in Ms. Eno's pre-surgical opinion.

The Court additionally notes that the ALJ's RFC finding is supported by the evidence from before Plaintiff's surgery. This evidence does not establish the severe degree of limitations opined by Ms. Eno; although it supports that Plaintiff had some significant symptoms pre-surgery (including paraspinal muscle tenderness, intermittent decreased lower extremity

sensation, and decreased range of motion in the lumbar spine, they also show that Plaintiff often displayed negative straight leg raise tests, a normal gait without a limp, and normal lower extremity strength. (*See e.g.*, T. 441, 457, 467, 470, 484, 489, 496, 500, 505, 554.) Overall, this evidence supports the ALJ's finding that Plaintiff remained capable of performing light work during the period at issue.

Plaintiff also offers no reason as to why the ALJ's reliance on Dr. Jenouri's opinion was erroneous, arguing only that the ALJ "found such opinions to be vague," a finding which the ALJ never actually made. (T. 20.) Rather, the ALJ explained that he relied on Dr. Jenouri's opinion because it was consistent with Dr. Jenouri's own clinical observations, a finding that is also consistent with the Court's review of the evidence. The Court simply does not see any error in the ALJ's decision to rely most heavily on Dr. Jenouri's opinion, something which he is entitled to do if that opinion is consistent with the evidence (which, the Court finds, it is). *See Cichocki v. Astrue*, 11-CV-0755, 2012 WL 3096428, at *6 (W.D.N.Y. June 30, 2012) ("It is well settled that an ALJ is entitled to rely upon the opinions of consultative examiners, and such written reports can constitute substantial evidence."); *accord, Hubbard v. Comm'r of Soc. Sec.*, 14-CV-1401, 2016 WL 551783, at *4 (N.D.N.Y. Jan. 14, 2016) (Carter, M.J.) report and recommendation adopted by 2016 WL 590226 (N.D.N.Y. Feb. 11, 2016) (Suddaby, C.J.); *Donnelly v. Comm'r of Soc. Sec.*, 49 F. Supp. 3d 289, 305 (E.D.N.Y. 2014). Additionally, the ALJ did not rely solely on Dr. Jenouri's opinion, but the evidence as a whole, as can be seen by the inclusion of limitations beyond those opined by Dr. Jenouri.

As to Dr. Buckley's opinions, the ALJ provided good reasons for declining to rely on portions of those opinions. *See Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (indicating

that, after considering the relevant factors for assessing a treating physician's opinion, the ALJ must set forth his reasons for the weight assigned to that opinion and provide "good reasons" for not crediting the treating physician's opinion). Specifically, the ALJ stated that Dr. Buckley's June 20, 2016, note was regarding an issue reserved to the Commissioner and therefore not entitled to weight, and that the opined limitations on twisting were not supported by the objective evidence. (T. 21.) *See Fuimo v. Colvin*, 948 F. Supp. 2d 260, 267 (N.D.N.Y. 2013) (Hurd, J.) (noting that it was proper for the ALJ to give little weight to an opinion that the plaintiff was severely disabled and not competitively employable because that opinion concerned an issue reserved to the Commissioner)*; Mortise v. Astrue*, 713 F. Supp. 2d 111, 125 (N.D.N.Y. 2010) (Kahn, J.) ("[A]n opinion concerning the ultimate issue of disability, from any source, is reserved to the commissioner."); *see also Otts v. Comm'r of Soc. Sec.*, 249 F. App'x 887, 889 (2d Cir. 2007) (noting that an ALJ may reject an opinion from a treating physician "upon the identification of good reasons, such as substantial contradictory evidence in the record"); *Saxon v. Astrue*, 781 F. Supp. 2d 92, 102 (N.D.N.Y. 2011) (Mordue, C.J.) ("The less consistent an opinion is with the record as a whole, the less weight it is to be given."). The Court therefore finds no error in the ALJ's treatment of Dr. Buckley's opinions.

Lastly, the Court is not persuaded by Plaintiff's unsupported assertion that mild to moderate limitations are indicative of sedentary work; rather, as Defendant notes, there is voluminous legal authority to the contrary that supports the ALJ's finding of light work based in part on the mild to moderate limitations opined by Dr. Jenouri. (*See* Dkt. No. 13, at 13 [Def.'s Mem. of Law] [citing cases].) *See also Katherine Marie S. v. Comm'r of Soc. Sec.*, 18-CV-0233, 2019 WL 1427456, at *7 (N.D.N.Y. Mar. 29, 2019) (Dancks, M.J.) ("Moreover, courts in this

Circuit have found that 'postural limitations of moderate or lesser severity are generally consistent with the demands of light work.'"); *Gurney v. Colvin*, 14-CV-0668, 2016 WL 805405, at *3 (W.D.N.Y. Mar. 2, 2016) ("Indeed, moderate limitations . . . are frequently found to be consistent with an RFC for a full range of light work.") (citing cases).

For all of the above reasons, the Court finds that the ALJ's RFC determination and treatment of the evidence are supported by substantial evidence.

      **C.**      **Whether the ALJ's Step Five Finding is Supported by Substantial Evidence**

After careful consideration, the Court answers this question in the affirmative for the reasons stated in Defendant's memorandum of law. (Dkt. No. 13, at 12-13 [Def.'s Mem. of Law].) To those reasons, the Court adds the following analysis.

Although the claimant has the general burden to prove he has a disability under the definitions of the Social Security Act, the burden shifts to the Commissioner at Step Five "'to show there is other work that [the claimant] can perform.'" *McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). The ALJ, relying on vocational expert testimony, found jobs existing in sufficient numbers in the national economy to satisfy this burden. (T.23.) Plaintiff has not challenged that finding specifically, but rather argues that the ALJ's finding is irrelevant because Plaintiff should have been found to be limited to sedentary work, under which circumstances he would necessarily be found to be disabled. (Dkt. No. 11, at 14-15 [Pl.'s Mem. of Law].)

Plaintiff's argument regarding disability under the Medical Vocational Guidelines is merely a hypothetical one that relies on the premise that he is limited to sedentary work, an argument that must fail given that the Court has already found that the ALJ's finding of an RFC for light work is supported by substantial evidence.

To the extent that Plaintiff argues that the ALJ failed to consider the fact that he was 50 years old, the Court notes only that (a) the ALJ explicitly found in the decision that Plaintiff was 50 years old at his amended alleged onset date, "which is defined as closely approaching advanced age" under the Medical Vocational Guidelines and thus assessed Plaintiff's age properly, and (b) as already discussed, the fact that Plaintiff was 50 years old has no impact on the outcome of the ALJ's decision because the ALJ appropriately found Plaintiff was capable of light work, and the relevant Medical Vocational Guideline applicable to an individual with Plaintiff's characteristics who can perform light work indicates a finding of "not disabled." (T. 22-23.) *See* 42 C.F.R. § 404, Subpart P, Appendix 2, Table No. 2, 202.10.

For all of the above reasons, the Court finds that the ALJ's Step Five finding is supported by substantial evidence.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED** that the Commissioner's decision denying Plaintiff disability benefits is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: May 22, 2019
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge